Opinion
 

 FEINBERG, J.
 

 This is an appeal from an order of modification of an interlocutory judgment of dissolution. The order made certain provisions with regard to visitation, ordered the husband (appellant) to return his children to their grandparents’ home, rather than their own home, after visitation with him, denied the husband knowledge of the address of his children, and ordered husband to pay the entire amount of mortgage payments and late charges accrued after he ceased to occupy the community residence. We conclude, first, that the husband was improperly denied knowledge of his children’s address, and reverse that part of the judgment. Second, we conclude that the trial court judge was acting within his discretion to order the husband to return the children to their grandparents’ home after visitation. Finally, we reverse that portion of the judgment regarding the mortgage payments on the community residence.
 

 The parties to this appeal were divorced in July 1977. The interlocutory judgment of dissolution gave physical custody of the two children to the wife (respondent), and granted certain rights of visitation to the husband. In November 1977, the husband filed a motion for modification, requesting clarification of the visitation rights, and an order that each party pay one-half of the mortgage payments and late charges incurred after both parties had ceased living in the community residence.
 

 Visitation
 

 The husband requested that he (1) be informed of the address at which his children and former wife were living so that (2) he could return the children directly to their home after visitation. The wife’s attorney opposed, this request on the ground that there was a “history” of confrontation between the parties and that it was in the children’s best interest to avoid any future altercations. No evidence was introduced to support the wife’s attorney’s contention, and the husband’s attorney
 
 *262
 
 asserted that there had been only one altercation and that it would not reoccur. In the order granting modification, the judge denied the request to have the wife disclose her address and ordered husband to pick up and return the children to the grandparents’ home.
 

 The latter part of the court’s order was within the trial court’s discretion. While no evidence was introduced, both parties’ attorneys admitted that there had been at least one altercation between the parties in the past. This was sufficient to support the precautionary measure of using the grandparents’ home to avoid confrontation between the parties which could be traumatic for the children. The only ground asserted for the request was the husband’s convenience, but there was no showing that this arrangement is in fact a substantial inconvenience.
 

 The portion of the order denying the husband’s request to be informed of his children’s address, however, is a harsh curtailment of the husband’s contact with his children and is not warranted by the record before us. The wife’s attorney asserted that there was a “history” of confrontation, but did not produce any evidence to support a conclusion that it would be unwise for the husband to be in possession of the children’s address. This portion of the order is reversed.
 

 Less drastic means than depriving a father of knowledge as to where his children live are available to prevent a “confrontation” between the parents.
 

 Mortgage Payments on the Community Residence
 

 The interlocutory judgment of dissolution entered in July 1977, provided for sale of the
 
 community
 
 residence and distribution of one-half of the proceeds to each party, with a minor adjustment in favor of the husband to equalize the division of the community property. Husband’s motion for modification requested that each party pay one-half of the mortgage payments and late charges incurred from the time he ceased using the community residence until the time of closing of the sale of the community residence. Instead, the trial court judge ordered the husband to pay the entire amount of accrued mortgage payments and late charges. We conclude that the mortgage payments and late charges were a community debt which should have been divided equally between the parties.
 

 
 *263
 
 The testimony of the parties established that the wife moved out of the community residence in August 1976. The husband continued to live there and made the mortgage payments until he found a buyer for the house and moved out in May 1977. The wife was notified that he was leaving the house. Through no fault of either party, the closing on the house was delayed for six months, despite continual assurances from the realtor that closing was “imminent.” No mortgage payments were made on the house during that six-month period.
 

 The mortgage constituted an encumbrance on community property and was thus a community debt, subject to division under Civil Code section 4800, subdivision (a).
 
 (In re Marriage of Fonstein
 
 (1976) 17 Cal.3d 738, 748 [131 Cal.Rptr. 873, 552 P.2d 1169].) The fact that the husband assumed the mortgage payments during the time he continued to live in the house following the parties’ separation does not change the nature of the debt. His assumption of the payments during that time may be seen as a fair exchange for his exclusive use of the residence. (See
 
 In re Marriage of Epstein
 
 (1979) 24 Cal.3d 76 [154 Cal.Rptr. 413, 592 P.2d 1165], quoting
 
 In re Marriage of Smith
 
 (1978) 79 Cal.App.3d 725, 747 [145 Cal.Rptr. 205].) After he left the residence, however, and the wife was apprised of that fact, no reason exists to require the husband to be solely responsible for the payment of this community debt. Had he made the payments from his postseparation earnings or other separate property, he would have been entitled to reimbursement for one-half the amount paid.
 

 As a general rule, a spouse who, after separation of the parties, uses earnings or other separate funds to pay preexisting community obligations should be reimbursed out of the community property on dissolution.
 
 (In re Marriage of Epstein, supra,
 
 24 Cal.3d 76.) Where, as in this case, payment of the debt has not yet been made, appellant is entitled to an order that the wife be required to pay one-half of the amount of accrued mortgage payments and late charges.
 

 This portion of the court’s order is reversed, with directions to order respondent wife to pay to appellant husband one-half the amount of mortgage payments and late charges incurred from May 1977 until November 1977.
 

 Accordingly, the order appealed from is reversed in part and affirmed in part. The matter is remanded to the trial court and it is directed to
 
 *264
 
 modify the order complained of in accordance with the views expressed herein.
 

 Each party to bear its own costs on appeal.
 

 White, P. J., and Halvonik, J., concurred.